UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. CARROLL,<br><br>        Petitioner,<br><br>   v.<br><br>LIZARRAGA,<br><br>        Respondent. | No. 2:16-cv-0224 AC P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 3.

I. Application to Proceed In Forma Pauperis

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. ECF No. 6. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

II. Motion for Court Order

Plaintiff has brought a motion for the court to order a response from defendant. ECF No. 8. This motion will be denied because petitioner has not made a cognizable claim for federal habeas relief.

1

III. Petition

Petitioner appears to challenge the denial of his request to recall his 2010 sentence under Proposition 36. ECF No. 1 at 1, 5. In Ground One, he states that he does not qualify to have his sentence recalled (id. at 5) and in Ground Two he argues that the three strikes law constitutes an unconstitutional breach of his plea agreements and is an impermissible ex post facto law (id. at 8-17).

Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." As set forth below, the petition fails to state a cognizable claim for relief and will be dismissed.

### A. Ground One

It is unclear what, exactly, petitioner is attempting to claim in his first ground for relief. For Ground One he simply states "Recall of sentence under Propasition [sic] 36." ECF No. 1 at 5. In his facts he states "Petitioner was given a sentence of 36 yrs to life for burglary and two prior strikes." Id. Finally, under exhaustion, he writes "Because I have a residential burglary I do not qualify for recall of sentence under Propasition [sic] 36 I have no grounds to appeal." Id.

The California Court of Appeal has explained the Proposition 36 recall process as follows:

> On November 6, 2012, [California] voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12 and added section 1170.126 (hereafter the Act). The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. (§§ 667, 1170.12.) The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)

2

People v. Yearwood, 213 Cal. App. 4th 161, 167-68 (2013).

It appears that petitioner may be intending to simply advise the court that his request for recall of his sentence was denied as a way of showing that his claim in Ground Two should not be dismissed as second or successive, because there has been a new judgment. If that is the purpose of Ground One, then it does not state a claim for relief and is merely an informational preface to Ground Two. However, to the extent petitioner is attempting to challenge his ineligibility for recall of his sentence under Proposition 36, he also fails to state a claim. First, petitioner does not allege that he was improperly denied recall of sentence and even appears to concede that he is not eligible for resentencing under Proposition 36. ECF No. 1 at 5. Next, California Penal Code § 1170.126 explicitly disqualifies persons who have been convicted of felonies that are defined as "serious and/or violent felonies by . . . subdivision (c) of Section 1192.7" from eligibility for resentencing. Cal. Penal Code § 1170.126(b). Petitioner was convicted of first degree residential burglary and assault with a deadly weapon. ECF No. 1 at 1, 27. Section 1192.7 defines both "any burglary of the first degree" and "any felony in which the defendant personally used a dangerous or deadly weapon" as "serious felonies," making petitioner clearly ineligible for resentencing. Cal. Penal Code § 1192.7(c)(18), (23). Finally, whether a prisoner is eligible for recall is a matter of state law and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Tuggle v. Perez, No. 2:14-cv-1680 KJM CKD, 2016 WL 1377790, at *7, 2016 U.S. Dist. LEXIS 47369, at *18-19 (E.D. Cal. Apr. 7, 2016, adopted in full June 3, 2016) (collecting cases holding that denial of motion to recall sentence does not state a cognizable claim on federal habeas review).

Since petitioner's eligibility for recall does not present a federal question and he is clearly excluded from eligibility for resentencing, Ground One will be dismissed.

B. Ground Two

Petitioner's second ground alleges that the sentence enhancement he received because of the three strikes law constituted an unconstitutional breach of his plea agreements and that it violates the rule against ex post facto laws. ECF No. 1 at 8-17. Petitioner asserts that his two

3

previous strikes were the result of plea agreements and that his sentences for both convictions were completed by 1989, well before the enactment of the three strikes law in 1994. Id. at 8-9, 17. He claims that the sentence enhancement he received as a result of the three strikes law changes the terms of his plea agreements and constitutes a misrepresentation. Id. at 10.

To the extent petitioner is attempting to challenge his original 2010 judgment, the petition is second or successive. Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals. Felker v. Turpin, 518 U.S. 651, 657 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008)).

The petition indicates (id. at 5), and the court's records confirm, that petitioner has previously filed an application for a writ of habeas corpus attacking his 2010 judgment. The previous petition was filed on November 1, 2012, made similar claims about the three strikes law, and was denied on the merits on April 22, 2014. Carroll v. Diaz, E.D. Cal. No. 2:12-cv-02736 TLN GGH, ECF Nos. 1, 32, 38. This court takes judicial notice of the record in that proceeding. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases."). Because petitioner has already challenged his original conviction, he must first move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application and provide evidence that such authorization has been granted. Petitioner has not done so and these claims must therefore be

4

dismissed for lack of jurisdiction.

To the extent petitioner is attempting to challenge the denial of his petition for resentencing under Proposition 36 and not his original 2010 judgment, the petition does not appear to be second or successive. See Magwood v. Patterson, 561 U.S. 320, 342 (2010) (first petition challenging a re-sentencing is not second or successive). However, as addressed above, the denial of petitioner's request for resentencing under Proposition 36 does not state a cognizable claim. Moreover, even if petitioner could properly challenge the denial of his motion to recall his sentence, the grounds he raises are not cognizable.

Petitioner argues that counting his 2010 conviction as a third strike violates his plea agreements in his two older convictions by altering the agreements and violates the Ex Post Facto Clause. However, the Supreme Court has "repeatedly upheld recidivism statutes 'against contentions that they violate constitutional strictures dealing with double jeopardy, *ex post facto* laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities.'" Parke v. Raley, 506 U.S. 20, 27 (1992) (quoting Spencer v. Texas, 385 U.S. 554, 560 (1967)). "Enhancement statutes, whether in the nature of criminal history provisions such as those contained in the Sentencing Guidelines, or recidivist statues which are commonplace in state criminal laws, do not change the penalty imposed for the earlier conviction." Nichols v. United States, 511 U.S. 738, 747 (1994)).

> In repeatedly upholding such recidivism statutes, [the Supreme Court has] rejected double jeopardy challenges because the enhanced punishment imposed for the later offense "is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes," but instead as "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one."

Witte v. United States, 515 U.S. 389, 400 (1995) (quoting Gryger v. Burke, 334 U.S. 728, 732 (1948)). Moreover, "[t]he Supreme Court and [the Ninth Circuit] uniformly have held that recidivist statutes do not violate the Ex Post Facto Clause if they are 'on the books at the time the [present] offense was committed.'" United States v. Kaluna, 192 F.3d 1188, 1199 (9th Cir. 1999) (last alteration in original) (quoting United States v. Ahumada-Avalos, 875 F.2d 681, 683-84 (9th Cir. 1989) (per curiam)); see also Weaver v. Graham, 450 U.S. 24, 30 (1981).

Petitioner's claim that the three strikes law altered his plea agreements fails for the same reason the courts have rejected challenges to recidivist statutes on the grounds of double jeopardy: the law simply increases the penalty for the most recent crime, while leaving the prior convictions untouched. His claim that the Ex Post Facto Clause has been violated also fails because, as petitioner admits, the three strikes law was enacted in 1994 and his 2010 conviction was based on offenses committed in 2009. ECF No. 1 at 16-17. Accordingly, the statute he challenges was on the books well before he committed the offenses at issue.

For these reasons, Ground Two must also be dismissed.

### C. Conclusion

For the foregoing reasons, the petition for writ of habeas corpus will be dismissed.

### IV. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in this order, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

### V. Plain Language Summary of this Order for a Pro Se Litigant

Ground One of your petition is being dismissed because the denial of a motion to recall your sentence under Proposition 36 does not state a federal claim. The part of Ground Two that challenges your original conviction is being dismissed because you have already challenged this conviction and you have not received permission from the Ninth Circuit to challenge it again. The part of Ground Two that challenges the denial of your motion for recall is also dismissed because denial of a motion for recall does not state a federal claim and because the three strikes law did not change your plea agreements or the sentences you served for those convictions.

Accordingly, IT IS HEREBY ORDERED that:

1. The request to proceed in forma pauperis (ECF No. 6) is GRANTED.

////

2. Petitioner's motion for the court to order a response to the petition (ECF No. 8) is DENIED.

3. Petitioner's application for writ of habeas corpus (ECF No. 1) is DISMISSED.

4. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: August 16, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE